43 F.3d 1474
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
LOCAL UNION NO. 34, INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, et al., Plaintiffs-Appellants,
v.
Paul BAZZANO, et al., Defendants-Appellees.
 No. 94-2772.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 6, 1994.
Decided Dec. 20, 1994.
 
 Before REAVLEY,* EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 During a labor dispute with a cleaner located in a shopping center, a union sought to distribute handbills to shoppers as they entered the center. Police told the handbillers at two entrances on busy streets that they were subject to citation under Peoria Code Sec. 20-96 for obstructing traffic; the handbillers left and filed this suit under 42 U.S.C. Sec. 1983, contending that the limitations on access violated the first amendment. The district judge disagreed, holding that the City of Peoria was applying its ordinances without regard to content or subject matter, and that it need not wait for the first accident before acting. Ability to pass out handbills at one of the shopping center's three entrances and all three exits left the union with sufficient opportunities for communication, the court explained.
 
 
 2
 The only reason the union's supporters were standing on the fringes of the shopping center, creating a potential for lines of cars to snake into the streets, was that the owner of the Crystal Clean shop had called the police to have the handbillers ejected from the premises of the shopping center itself. After the district court issued its opinion, the union and the employer resolved their dispute. As part of this resolution, the union withdrew its charge of unfair labor practices, a charge based on the exclusion from the premises of the shopping center. The settlement before the Board reads: "The Charged Party has agreed to send the Charging Party the attached letter and abide by its provision." The attached letter reads, in material part: "This letter, signed by Frank Loveridge d/b/a Crystal Clean below, constitutes our assurance that Frank personally and d/b/a Crystal Clean will not call the police to have handbillers removed from the Sterling Plaza Shopping Center."
 
 
 3
 Because the dispute that exiled handbillers to the periphery of the shopping center has been resolved, and in any future labor dispute the union will be able to distribute literature in a way that does not pose a risk of obstructing traffic, this dispute is moot. Courts avoid constitutional adjudication whenever possible; here it would be imprudent (worse, advisory) to essay an opinion on the constitutionality of the city's ordinance, when it is unlikely that these parties will again be at loggerheads concerning its application to the shopping center. Lane v. Williams, 455 U.S. 624, 631-33 & n. 13 (1982); Weinstein v. Bradford, 423 U.S. 147 (1975).
 
 
 4
 Although mootness arises from a settlement, the principles of U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386 (1994), do not govern. The union and employer settled their labor dispute, but the dispute between the union and the city about the constitutionality of the ordinance was not settled. The subject of this litigation simply expired when the labor dispute was resolved. Accordingly, we vacate the judgment of the district court and remand with instructions to dismiss the case as moot. Karcher v. May, 484 U.S. 72 (1987); United States v. Munsingwear, Inc., 340 U.S. 36 (1950).
 
 
 5
 VACATED AND REMANDED WITH INSTRUCTIONS TO DISMISS AS MOOT.
 
 
 
 *
 Of the Fifth Circuit, sitting by designation